```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

DWIGHT CANFIELD,

      Plaintiff,

v.                                    Civil Action No. 2:12-09110

ROCCO S. FUCILLO,
West Virginia Department of Health
and Human Resources, in his official
capacity,

      Defendant.


<u>MEMORANDUM OPINION AND ORDER</u>

Pending is the plaintiff's motion to remand, filed January 24, 2013, contending that the ground on which this action was removed from state court — federal question — does not exist in this case.

I.    Factual and Procedural Background

Medicaid was established in 1965 by Title XIX of the Social Security Act, 42 U.S.C. §§ 1396-1396w-5. The program seeks to ensure that "necessary medical services" are available to impoverished families with dependent children, as well as elderly, blind, or disabled individuals, by allocating federal funds to qualifying States. 42 U.S.C. § 1396-1. To be eligible for funding, each participating State must submit a plan outlining the structure of its proposed Medicaid program to the Secretary of the U.S. Department of Health and Human Services. <u>Id.</u> §§ 1396-1, 1396d. Title XIX

requires all plans to cover certain individuals, see id. § 1396a(a)(10)(A)(i), and permits States the option of expanding coverage to include other categories of beneficiaries, see id. § 1396a(a)(10)(A)(ii).

The Medicaid plan submitted by West Virginia, and approved by the Secretary of the U.S. Department of Health and Human Services, provides benefits to several classes of optional beneficiaries. Pl.'s V. Pet. ¶ 15.[1] The non-mandatory classes covered include the "Optional Categorically Needy, Disabled" and the "Medically Needy, Disabled," as defined by federal regulations. Id.; see also 42 C.F.R. §§ 435.210, .301. The former classification — in which the plaintiff says he falls — encompasses all individuals who "meet the income and resource requirements of the appropriate cash assistance program for their status," 42 C.F.R. § 435.210, such as the Supplemental Security Income ("SSI") program. In contrast, the latter classification — in which the plaintiff says he was placed — requires applicants with income exceeding a predetermined threshold to incur medical expenses equal to the amount of surplus income before receiving Medicaid benefits. Id. § 435.301.

---

[1] Neither party has tendered a complete copy of West Virginia's approved Medicaid plan. The defendant does not dispute, however, that the plan encompasses the non-mandatory categories of recipients discussed by the plaintiff. See Def.'s Mot. to Dismiss 1-2.

The plaintiff, Dwight Canfield, filed a verified petition for writ of mandamus in the Circuit Court of Kanawha County, West Virginia, on November 15, 2012.  He alleges that the defendant, as the state official responsible for administering West Virginia's Medicaid program, failed to enact regulations providing benefits to the "categorically needy, disabled" in contravention of the State's Medicaid plan.  Pl.'s V. Pet. ¶ 22.  The plaintiff avers that, had the appropriate regulations been promulgated, he would qualify as "categorically needy, disabled."  Id. ¶¶ 25-28.  To receive benefits as "medically needy, disabled" the plaintiff purportedly would have been required to incur $1,982.40 in medical expenses, which he could not afford.  Id. ¶ 30.  Thus, the plaintiff alleges that he was forced to forsake necessary medications and treatments.  Id. ¶ 31.  As a result, he was eventually "admitted to the emergency room, causing him to incur significant medical expense[s] that would otherwise be covered had he been enrolled in the Optional Categorically Needy Disabled group."  Id. ¶ 32.  Accordingly, he requests that a writ of mandamus be issued compelling the defendant to "administer the West Virginia Medicaid program in conformity with the approved West Virginia State Medicaid Plan."  Id. § 4(a).

On December 17, 2012, the defendant removed, asserting that the plaintiff's sole cause of action, which arises from state law, presented a federal question.  Notice of Removal 2-3.  The

plaintiff filed a motion to remand, arguing that no substantial and actually contested question of federal law need be resolved. Mem. of Law in. Supp. of Pet'r's Mot. to Remand ("Pl.'s Mem.") 1. The plaintiff notes that he only challenges the defendant's failure to comply with the State's own plan, rather than asserting a violation of federal law. Id. at 7. In response, the defendant asserts that the plaintiff's claim necessarily relies on federal law to "determine whether the State has the discretion to craft such categories as it sees fit." Resp't's Opp'n to Mot. for Remand ("Def.'s Resp. Mem.") 3.

## II. Analysis

Any civil action initiated in state court may be removed, should federal district courts be vested with original jurisdiction. 28 U.S.C. § 1441(a). Congress has granted federal courts original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. Id. § 1331. A civil action arises under federal law if the "'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689-90 (2006) (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28 (1983)).

Thus, should a cause of action arise under state law, federal jurisdiction is proper only if the claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005). This particular grant of jurisdiction has been described as "special and small," see McVeigh, 547 U.S. at 699, which places an onerous burden on the defendant, see Blair v. Schott Scientific Glass Co., 945 F. Supp. 123, 126 (S.D.W. Va. 1996) (quoting ELCO Mech. Contractors, Inc. v. Builders Supply Ass'n of W. Va., 832 F. Supp. 1054, 1057 (S.D.W. Va. 1993)) (stating that the removing party bears the burden of establishing subject matter jurisdiction). Any doubts concerning the propriety of removal should be resolved in favor of remand. Mulcahey v. Columbia Organic Chemicals Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994) (citations omitted).

In this case, the plaintiff asserts a sole claim under West Virginia law. To obtain a writ of mandamus, the plaintiff must establish:

> (1) the existence of a clear right in the petitioner to the relief sought; (2) the existence of a legal duty on the part of the respondent to do the thing the petitioner seeks to compel; and (3) the absence of another adequate remedy at law.

Cooper v. Gwinn, 298 S.E.2d 781, syllabus ¶ 3 (W. Va. 1981). His claim is predicated entirely upon the defendant's alleged violation of the State's own Medicaid plan. Pl.'s V. Pet. ¶ 23. The provisions of the plan do not constitute federal laws or regulations, even once approved by the U.S. Secretary of the Department of Health and Human Services. Concourse Rehab. & Nursing Ctr. Inc. v. DeBuono, 179 F.3d 38, 44 (2d Cir. 1999). Moreover, the plaintiff acknowledges that federal law does not require the defendant to provide coverage for the "categorically needy" or the "medically needy." Pl.'s Mem. 7. Rather, federal regulations merely grant States the option of covering those classes of non-mandatory beneficiaries. See 42 U.S.C. § 1396(a)(10)(A)(ii); 42 C.F.R. §§ 435.210, .301.

Absent allegations that a State's plan or practices conflict with a specific federal mandate, no substantial federal question exists. Concourse Rehab., 179 F.3d at 44-45 (citing Oberlander v. Perales, 740 F.2d 116, 119 (2d Cir. 1984)); Concourse Rehab. & Nursing Ctr. Inc. v. Wing, 150 F.3d 185, 189 (2d Cir. 1998); James ex rel. James v. Richman, 465 F. Supp. 2d 395, 401 n.2 (M.D. Pa. 2006) ("While this case does not fall within the class of Medicaid cases involving a state plan that allegedly conflicts with the federal Medicaid Act, which would certainly present a federal question, neither does it fall in the class of cases in which it is

only alleged that a state has violated its own Medicaid plan, which do not present a federal question." (internal citations omitted)).[2]

Inasmuch as the plaintiff's claim is grounded in state law and premised solely on the defendant's failure to comply with its own Medicaid plan, a substantial federal question is not raised in this action.

III. Conclusion

In summary, the defendant has failed to establish removal as proper, given the lack of federal subject matter jurisdiction. The plaintiff's motion to remand is granted.

The Clerk is requested to transmit this order to all counsel of record and to any unrepresented parties.

DATED: July 23, 2013

John T. Copenhaver, Jr.
United States District Judge

---

[2] See also Mertz ex rel. Mertz v. Houstoun, 155 F. Supp. 2d 415, 422-24 (E.D. Pa. 2001) (concluding that federal jurisdiction was proper, given evidence that the State routinely assessed eligibility in a manner that conflicted with federal law); Johnson v. Guhl, 91 F. Supp. 2d 754, 766 (D.N.J. 2000) (determining that a federal question existed because "Plaintiffs specifically assert that state law conflicts with federal law").